<hr/>

THOMAS L. SNEAD AND WIFE, Appellants, v. MARY SHREVE *et al.*, Respondents.

1. Where the widow renounces the provisions of her husband's will, and elects to take her dower, and thereby diminishes the value of the property of one of the devisees, whether said devisee is entitled to compensation for the injury thus occasioned. Quere.*

*Appeal from St. Louis Land Court.*

Henry M. Shreve, by his will, after bequeathing his personal property, &c., devised all his real estate, within the corporate limits of the city of St. Louis, to his daughter, Rebecca A. Carter, and his grand-daughter, Harriet V. Reel, one of the plaintiffs. By article 7, he devised the home farm, called the Gallatin Place, with its stock, &c., to his daughters, Mary Shreve and Florence Shreve, and to the survivors of them, &c. ; while to his wife he gave the use and profits of the Gallatin Place, &c., during her natural life, or until marriage, under conditions, &c.

This article " provided further, that in case my said wife, Lydia R. Shreve, shall not accept of the provisions and legacies in this my last will by me hereinbefore made, and given to her and for her benefit, and shall at any time hereafter prosecute any action in suit for dower, &c., then and in that case the said provision, and legacies, and bequests by me hereinbefore given and intended her, shall cease, and be null to all intents and purposes, anything in this my last will to the contrary notwithstanding. And I do hereby will and

<hr/>

* This case was decided at the March Term, 1860.

declare that then and in the case last mentioned, her dower shall be set apart for her out of the estate, real and personal, in this article mentioned."

Florence Shreve died before her father, without issue.

The widow, Lydia R. Shreve, renounced the provisions of the will, and instituted suit for dower, and in such suit dower was allotted to her in part in real estate within the corporate limits of the city of St. Louis, devised to Harriet V. Reel.

The plaintiff Snead and his wife Harriet V. instituted suit to procure compensation for the damages caused by the widow's election. The defendants, Mary Shreve, by her guardian, and Lydia R. Shreve, demurred to the petition for want of cause of action.

The land court sustained the demurrer, and the plaintiffs prosecuted their writ of error.

*S. T. & A. D. Glover*, for plaintiffs in error.

*Krum & Harding, and Todd*, for defendants in error.

SCOTT, Judge, delivered the opinion of the court.

We do not understand that the plaintiffs claim compensation from the interest devised to his infant children by Shreve. They claim indemnity for the injury they have sustained by the act of the widow in renouncing the provisions made for her by the will, and taking dower in the land devised to them. They maintain that out of the provisions thus renounced by the widow, they have a right to compensation ; and that a court of equity, although the provisions have been renounced and thus rendered of no avail, will sustain them to the extent of furnishing that compensation. It is a rule of law that courts, in the interpretation of wills, should endeavor to place themselves in the situation of the testator, and avail themselves of all the knowledge he possessed in relation to his family and estate which would furnish any aid in ascertaining his intention. From a want of knowledge of the nett

annual value of the provisions made for the support of the widow and of her infant children during minority, we are embarrassed in the construction of this will. The provision for the support of the minor children has been diminished by the portion taken by the widow for her dower. If the compensation claimed by the plaintiffs would take away a support for the children or child during minority, a plain intention on the part of the testator to do this, or some rule of law would only warrant the court in giving an interpretation to the will that would cause such a result. On the other hand, if the compensation demanded can be awarded without depriving the minor child of an adequate support, and thus leave it in as advantageous a state as though the will had not been renounced by Mrs. Shreve, there would seem to be no great hardship in it. We understood the argument of the counsel for the child that the allowance of the demand of the plaintiff might produce the effect of depriving such child of any support. Under these circumstances, we have come to the conclusion that the judgment of the court below should be reversed, the demurrer overruled, and the defendants be required to make answer to the petition.

The judgment reversed and the cause remanded. The other judges concur.